FILED
DEC 05 2011

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 11-40018 |
| Plaintiff, | \* | MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR |
| -vs- | \* | JUDGMENT OF ACQUITTAL |
| DARON LEE JUNGERS, a/k/a "sexymd2spoinu@yahoo.com," a/k/a "Josh Broden," | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are Defendant's oral motion for judgment of acquittal and his renewed motion for judgment of acquittal as to the charge of attempted commercial sex trafficking in violation of 18 U.S.C. §§ 1591 and 1594(a). Having considered the briefs on the pending motions and all of the testimony and evidence presented at trial, the Court will grant the motions.

## BACKGROUND

Defendant Daron Lee Jungers visited a website known as "Backpage.com" and responded to an advertisement posted by an undercover law enforcement officer. Defendant requested "a date" and a reply. Law enforcement responded with the age and a fee for "a date." Defendant requested a phone number, then called the undercover officer and negotiated a fee for oral sex from an 11-year-old girl. He received directions and drove to a house in Sioux Falls that was maintained by undercover officers. After speaking with an undercover officer in person, Defendant showed the money he brought to pay for the oral sex, and he was arrested.

The Indictment charged:

On or about February 12, 2011, in the District of South Dakota and elsewhere, Daron Lee Jungers, a/k/a "sexymd2spoilu@yahoo.com", a/k/a "Josh Broden", defendant herein, knowingly, in and affecting interstate commerce, attempted to recruit, entice

and obtain a person who had not attained the age of 18 years, and knew that the person would be caused to engage in a commercial sex act; all in violation of 18 U.S.C. §§1591 and 1594(a).

After the government proved the facts set forth above, a jury found Defendant guilty of attempted commercial sex trafficking. Defendant made an oral motion for judgment of acquittal on the first day of his jury trial, and renewed the motion after his conviction. The Court gave the parties an opportunity to submit additional briefing on the motions.

Defendant does not dispute that he did the acts the government accused him of doing. He moves for acquittal on the sole ground that the statute under which he was prosecuted does not apply to his conduct. According to Defendant, 18 U.S.C. § 1591 applies to sex traffickers but it does not apply to their customers. In other words, it applies colloquially to pimps of children and not to johns, there being other felony punishment for johns paying for sex with a child.

## DISCUSSION

Under Rule 29 of the Federal Rules of Criminal Procedure, a district court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When reviewing the sufficiency of the evidence for purposes of a Rule 29 motion, courts must examine whether any reasonable jury could find the defendant guilty beyond a reasonable doubt. *United States v. Gomez,* 165 F.3d 650, 654 (8th Cir. 1999).

The government cites one case stating that 18 U.S.C. § 1591 applies to those who purchase underage sex. *See United States v. Mikoloyck,* 2009 WL 4798900 *7 (W.D.Mo. Dec. 7, 2009). Defendant accurately points out that the *Mikoloyck* decision contains no analysis of the issue, just a single declarative sentence stating that the statute applies to purchasers. The government cites other cases involving convictions under § 1591 of a purchaser of sex, but the issue whether the statute applied to the purchaser was not raised. *See, e.g., United States v. Strevell,* 2006 WL 1697529 (11th Cir. 2006) (per curiam) (unpublished). Thus, whether Defendant's conduct falls outside the scope of § 1591 essentially is a case of first impression.

When interpreting a statute, a court's objective is to give effect to Congress' intent, and the "starting point must be the plain language of the statute." *Watson v. Ray*, 192 F.3d 1153, 1155-56 (8th Cir. 1999). The Supreme Court has emphasized that, in ascertaining the plain meaning of a statute, the court must "'consider not only the bare meaning of the critical word or phrase'" at issue, "'but also its placement and purpose in the statutory scheme.'" *Holloway v. United States*, 526 U.S. 1, 6 (1999) (quoting *Bailey v. United States*, 516 U.S. 137, 145 (1995)). Accordingly, in evaluating § 1591, the Court must not focus solely on the "bare meaning" of the terms "recruits," "entices," and "obtains." Rather, the Court must consider these terms in light of the "language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988). The Supreme Court has stressed "over and over" that "'in expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.'" *U.S. Nat. Bank of Ore. v. Indep. Ins. Agents of America, Inc.*, 508 U.S. 439, 455 (1993) (quoting *United States v. Heirs of Boisdore*, 8 How. 113, 122, 12 L.Ed. 1009 (1850)). The Court has said, "[s]tatutory construction is 'a holistic endeavor,' and, at a minimum, must account for a statute's full text, language as well as punctuation, structure, and subject matter." *Id.* (quoting *United Savings Assn. of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988)).

> Section 1591(a) provides:
>
> 1591. Sex trafficking of children or by force, fraud, or coercion
>
> (a) Whoever knowingly—
>
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

3

18 U.S.C.A. § 1591(a). In the briefs submitted on the motion for judgment of acquittal, both parties have set forth the ordinary meanings of the terms "recruits," "entices," and "obtains," and they do not seem to disagree on the meanings.

The government asserts that Defendant used the undercover agent as a third party to entice or recruit the hypothetical minor, and that Defendant intended to obtain her for sexual activity. According to the government, § 1591 must apply to this conduct or else it would be rendered partially meaningless and overlook the inextricable relationship between suppliers and consumers of underage commercial sex acts. If, for example, this Defendant had sent someone out to force a minor into the repeated provision of sex to Defendant, that would present a different question. But those are not the facts of this case.

In contrast to the government's position, Defendant asserts that Congress' list of prohibited activities in § 1591, punishing anyone who "recruits, entices, harbors, transports, provides, obtains, or maintains" a person under the age of eighteen knowing that they "will be caused to engage in a commercial sex act," each represent a potential stage in the process of engaging in a child sex trafficking venture. They all describe methods of gaining control over victims in preparation for the planned eventuality that they "will be caused" to engage in commercial sex acts. The list of activities prohibited by § 1591 does not include the activity of paying for sex itself. In addition, Congress defined the activity of "sex trafficking" as something separate from the activity of engaging in a "commercial sex act." "Sex trafficking" is defined in a different section of the code as "the recruitment, harboring, transportation, provision, or obtaining of a person for the purpose of a commercial sex act." 22 U.S.C. § 7102(9). A "commercial sex act" is defined in that section of the code as "any sex act on account of which anything of value is given to or received by any person." 22 U.S.C. § 7102(3). Section 1591 contains the exact same definition of "commercial sex act." 18 U.S.C. § 1591(e)(3). Thus, according to Defendant, the act of engaging in a prohibited commercial sex act is not, standing alone, "sex trafficking." Rather, "sex trafficking" -- the organized activity of recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining minors

4

knowing that they "will be caused" to engage in commercial sex acts - - is the predicate to the commercial sex act itself.

Finally, Defendant contends that the broader statutory scheme indicates that § 1591 was aimed at those engaging in the business of human trafficking. The statute's title section is "Peonage, Slavery, and Trafficking in Persons," and the subchapter title of § 1591 itself is "Sex trafficking of children or by force, fraud, or coercion." The intent of Congress is clear.

Applying the established rules of statutory construction, including the rule that criminal statutes must be strictly construed, *see, e.g., United States v. Goodman*, 984 F.2d 235, 240 n. 7 (8th Cir. 1993), the Court finds Defendant has accurately evaluated and discerned the intent of Congress. Reading the terms "recruits," "entices," and "obtains" first in the context of the other language in § 1591 and then in the context of that statute as a whole, the Court is convinced that the purpose of § 1591 is to punish sex traffickers and that Congress did not intend to expand the field of those prosecuted under that statute to those who purchase sex made available by traffickers. This interpretation does not render § 1591 partially meaningless or overlook the connection between the suppliers and consumers of commercial sex acts. Traveling in interstate commerce with intent to engage in sex with a minor is also a crime, but there are separate statutes that deal with this different but related crime.[1] When § 1591 was passed in 2000, *see* Pub. L. 106-386, Congress certainly was aware of those other laws. Congress was enhancing its statutory protection of minors from sexual slavery by properly singling out for greater punishment those who engage in "sex trafficking of

---

[1]Under the evidence presented at trial, Defendant could have been found guilty of an offense under 18 U.S.C. § 2423(b) if it had been charged. The first version of subsection (b) was added to § 2423 in 1994. *See* Pub.L. 103-322, Title XVI, § 160001(g). 18 U.S.C. § 2423(b) provides:
> **Travel with intent to engage in illicit sexual conduct.**--A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C.A. § 2423.

5

children by force, fraud or coercion." Accordingly, a defendant who violates § 1591 faces a mandatory minimum sentence of 15 years and a maximum term of life in prison, and under 18 U.S.C. § 2423(b), applicable to johns, there is no mandatory minimum sentence and the maximum term of imprisonment is 30 years.

Because the text of § 1591 is not ambiguous, the Court need not consider the legislative history. *See Lambur v. Yates*, 148 F.2d 137, 139 (8th Cir. 1945) (if language of statute is ambiguous or its meaning doubtful, courts must consider the "purpose, the subject matter and the condition of affairs which led" to the statute's enactment). The Court notes, however, that its examination of the legislative history cited by the parties reinforces the Court's conclusion based on an analysis of the language of § 1591, and the legislative history supports Defendant's interpretation of the statute. The legislative history cited by the parties overwhelmingly indicates that § 1591 was intended for prosecution of traffickers, those who buy and sell human beings for use in prostitution enterprises, rather than potential customers whose illegal activities were already penalized by other statutes.[2] The fact that the government has used § 1591 to charge customers, without being challenged for doing so, does not create convincing legal precedent.

There is no question that attempting to engage in sex with a minor is a federal felony offense. The issue at hand, however, is whether Congress intended § 1591 to encompass that activity. The wording of the statute indicates Congress intended to punish the traffickers, and the Court must give effect to the intention expressed in the law. The facts proven at trial do not bring Defendant's conduct within § 1591. Defendant attempted to engage in sex with a minor, which is prohibited by another federal felony statute. But Defendant did not attempt to engage in child sex trafficking as

---

[2] The government cites references made in the 2005 legislative history to "demand" for sex when Congress was reauthorizing the Trafficking Victims Protection Act of 2000. Defendant accurately points out that those comments are referring to an entirely separate bill, H.R. 2012, the End Demand for Sex Trafficking Act of 2005. The Court reviewed H.R. 2012. One stated purpose of the bill was to combat commercial sexual activities by targeting demand. The bill defines "purchaser" as "any person who solicits or purchases an unlawful commercial sex act." The Court's research revealed that the last major action on H.R. 2012 occurred on June 6, 2005, when it was referred to the House Subcommittee on Crime, Terrorism, and Homeland Security.

was charged under § 1591. Because the evidence presented at trial is legally insufficient to support a conviction for sex trafficking under § 1591, Defendant is entitled to acquittal for the charged violation of § 1591. Further prosecution under an appropriate statute is barred by the Double Jeopardy Clause of the Fifth Amendment. *See Burks v. United States*, 437 U.S. 1, 18 (1978). Accordingly,

IT IS ORDERED that Defendant's motions are granted, and he is acquitted, discharged from confinement, and any bond exonerated.

Dated this 5 day of December, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(seal)         DEPUTY